IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANCISCO GONZALEZ,

        Plaintiff,                    No.  2:11-cv-2122 KJN P

    vs.

UNKNOWN,                            <u>ORDER AND</u>

        Defendant.             <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel.  On August 10, 2011, plaintiff filed the instant civil rights complaint along with a petition for writ of habeas corpus filed in 2:11-cv-2121 GGH P.[1]  Plaintiff brought the instant action under 42 U.S.C. § 1983, but is challenging his detention, which is more appropriately the subject of plaintiff's habeas action, Case No. 2:11-cv-2121 GGH, which is presently pending.  Therefore, plaintiff's complaint should be dismissed without prejudice.

> The Civil Rights Act under which this action was filed provides as follows:
> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at

---

[1] A court may take judicial notice of court records.  <u>See</u> <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

1

1   law, suit in equity, or other proper proceeding for redress.
2   42 U.S.C. § 1983. Section 1983 is the appropriate avenue to remedy an alleged wrong only if
3   both of these elements are present. <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354 (9th Cir. 1985),
4   <u>cert. denied</u>, 478 U.S. 1020 (1986).

5   However, when a state prisoner challenges the fact or duration of his custody and
6   the relief he seeks is the determination of his entitlement to release, his sole federal remedy is a
7   writ of habeas corpus. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973) (a petition for writ of
8   habeas corpus is the only proper mechanism to challenge the legality or duration of confinement).

9   In the instant complaint, plaintiff challenges the hold that the United States
10  Immigration and Customs Enforcement placed on plaintiff which will result in plaintiff's
11  deportation to Mexico once plaintiff completes the sixteen month sentence imposed for his
12  conviction for driving under the influence.[2] For relief, plaintiff asks the court to "help [him] out
13  in [his] I.N.S. hold." (Dkt. No. 1 at 3.) However, the relief plaintiff seeks is more appropriately
14  sought by way of petition for writ of habeas corpus. Indeed, plaintiff is pursuing this claim in a
15  petition for writ of habeas corpus filed in Case No. 2:11-cv-2121 GGH, and his challenge to the
16  deportation hold will be addressed therein. Therefore, this action should be dismissed without
17  prejudice.

18  In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the
19  Court is directed to assign a district judge to this case; and

20  IT IS RECOMMENDED that this action be dismissed without prejudice. <u>See</u>
21  Fed. R. Civ. P. 41(b).

22  These findings and recommendations are submitted to the District Judge assigned
23  to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being
24  served with these findings and recommendations, plaintiff may file written objections with the

---

[2] This information was obtained from plaintiff's habeas petition filed in 2:11-cv-2121 GGH. (Dkt. No. 1 at 2.)

2

court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 15, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gonz2122.23